IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA

**TERA WAGONER**
8 Deal Avenue
La Vale, MD 21502

    Plaintiff

vs.                                                                                  Case No:

**ORBITAL ATK, INC.**
45101 Warp Drive
Dulles, VA 20166

and

**NORTHROP GRUMMAN INNOVATION
SYSTEMS, INC.**
45101 Warp Drive
Dulles, VA 20166

and

**LIFE INSURANCE COMPANY OF
NORTH AMERICA**
1601 Chestnut Street
Philadelphia, PA 19192-2235

    Defendants

## COMPLAINT

COMES NOW Tera Wagoner ("Plaintiff"), by and through undersigned counsel, who files this suit against Orbital ATK, Inc. ("Orbital"), Northrop Grumman Innovation Systems, Inc. ("Northrop"), and Life Insurance Company of North America ("Cigna"), collectively referred to as the "Defendants," and for grounds states as follows:

### Parties and Jurisdiction

1. The Plaintiff is a natural person who resides in the State of Maryland and was formerly employed by Orbital through April 12, 2018.

2. Orbital is a corporation with its principal place of business located in Dulles, Virginia. Aside from being Plaintiff's former employer, Orbital is (or was) was both the Plan Sponsor and

Plan Administrator of the Short-term Disability Plan under the Orbital ATK Welfare Benefits Plan-Non-Union, plan # 527 (hereinafter" STD plan").

3. Northrop is a corporation with its principal place of business located in Dulles, Virginia. Based upon information and belief, Northrop is the successor in interest to Orbital as a result of Northrop's acquisition of Orbital and/or Northrop's merger of Orbital into Northrop's business on or around June 2018.

4. Cigna is a national life insurance company doing business in the Commonwealth of Virginia with its principal place of business located in Philadelphia, Pennsylvania. Cigna is the named fiduciary for deciding claims (and any appeals of denied claims) for long-term disability benefits provided under the Group Long-term Disability Plan issued to Orbital (the policyholder) by Cigna (the insurer), policy number FLK-980195 (hereinafter "LTD plan").

5. In the present case, Plaintiff brings suit for violations of ERISA, 29 U.S.C. § 1132(a)(1)(B) as a result of (i) Orbital's and/or Northrop's denial of her claim for short-term disability benefits ("STD benefits") under the STD plan and (ii) Cigna's denial of her claim for long-term disability benefits ("LTD benefits") under the LTD plan.

6. Pursuant to the preceding, this Court has proper personal jurisdiction over each of the Defendants, proper subject matter jurisdiction over the causes of action being pursued, and constitutes proper venue.

## General Allegations

7. The Plaintiff was hired by Orbital on July 25. 2004 and was continuously employed as a Contracts Manager until her date of termination on April 12, 2018.

8. Plaintiff was both eligible for, and enrolled in, the STD plan and the LTD plan.

9. Since 2009, Plaintiff has been suffering from pain and numbness in her leg which was subsequently diagnosed as Reflex Sympathetic Dystrophy/Chronic Regional Pain Syndrome ("RSD/CRPS" or "Medical Condition").

10. As a result of this Medical Condition, Plaintiff has had to undergo surgeries and a

number of other medical interventions.

11. Prior to mid-year 2017, Plaintiff was able to cope with her condition and work on a regular basis with the aid of medication and intermittent time off.

12. Beginning mid-year 2017, Plaintiff's Medical Condition began to deteriorate, resulting in both increased pain and an increased inability to meet her job requirements on a regular basis.

13. Notwithstanding the consequences flowing from this deterioration, Plaintiff continued to attempt to work and avoid having to go out on disability.

14. On April 12, 2018, Plaintiff was terminated from employment for performance reasons caused by her deteriorating Medical Condition.

### COUNT I: Violation of 29 U.S.C. § 1132(a)(1)(B))—STD Benefits

15. Plaintiff repeats and realleges paragraphs 1—14 as if fully stated herein.

16. Plaintiff's Medical Condition was such that she was rendered disabled, as defined pursuant to the STD plan, prior to her date of termination on April 12, 2018.

17. Plaintiff filed a timely claim for STD benefits which was denied on May 9, 2018 by Sedgwick Claims Management Services, Inc. (Orbital's agent for administering STD claims).

18. Plaintiff filed a timely appeal of the STD benefits denial which was denied on January 4, 2019 by National Appeals Unit (Orbital's agent for administering appeals of STD claim denials).

19. Plaintiff qualifies as a "participant" as defined in 29 U.S.C. § 1002(7).

20. Plaintiff qualifies as an "employee" as defined in 29 U.S.C. § 1002(6).

21. The STD plan qualifies as an "Employee Welfare Benefit Plan" as defined in 29 U.S.C. § 1002(1).

22. Orbital qualifies as a "fiduciary" with respect to the matters related to the denial of this claim for STD benefits as defined in 29 U.S.C. § 1002(21)(A).

23. Orbital's decision to deny Plaintiff's STD benefits was both incorrect and an abuse

of any discretion it may be entitled to under the terms of the STD plan.

24. To the extent Orbital is no longer an existing entity and/or unable to satisfy any judgment rendered against it, Northrop is liable for any such judgment.

WHEREFORE, Plaintiff demands judgment against Orbital and Northrop, jointly and/or severally, as follows:

   a. A declaration that Plaintiff qualifies as disabled under the terms of the STD plan;
   b. An award of back benefits;
   c. Reasonable attorney's fees and costs;
   d. Such other and further relief as deemed appropriate by this Court.

### COUNT II: Violation of 29 U.S.C. § 1132(a)(1)(B))—LTD Benefits

25. Plaintiff repeats and realleges paragraphs 1—24 as if fully stated herein.

26. Plaintiff's Medical Condition was such that she was rendered disabled, as defined pursuant to the LTD plan, prior to her date of termination on April 12, 2018.

27. Plaintiff filed a timely claim for LTD benefits which was denied on July 24, 2018 by Cigna.

28. Plaintiff filed a timely appeal of the LTD benefits denial which was denied on April 19, 2019 by Cigna.

29. Plaintiff qualifies as a "participant" as defined in 29 U.S.C. § 1002(7).

30. Plaintiff qualifies as an "employee" as defined in 29 U.S.C. § 1002(6).

31. The LTD plan qualifies as an "Employee Welfare Benefit Plan" as defined in 29 U.S.C. § 1002(1).

32. Cigna qualifies as a "fiduciary" with respect to the matters related to the denial of this claim for LTD benefits as defined in 29 U.S.C. § 1002(21)(A).

33. Cigna's decision to deny Plaintiff's LTD benefits was both incorrect and an abuse of any discretion it may be entitled to under the terms of the LTD plan

WHEREFORE, Plaintiff demands judgment against Cigna as follows:

a. A declaration that Plaintiff qualifies as disabled under the terms of the LTD plan;

b. An award of back benefits;

c. Reinstatement of future LTD benefits or an award of future LTD benefits;

d. Reasonable attorney's fees and costs;

e. Such other and further relief as deemed appropriate by this Court.

Respectfully submitted,

/s/ Mitchell Batt
Mitchell Batt, VA Bar 37574
The Law Offices of Mitchell Batt
451 Hungerford Drive, Suite 200
Rockville, MD 20850
301-580-6902
mbattlaw@gmail.com
*Counsel for Plaintiff*

5